J-S26010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RONDELL SLAUGHTER, | |
| Appellant | No. 367 EDA 2013 |

Appeal from the PCRA Order Entered April 8, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):CP-51-CR-0809732-2001

BEFORE:  BENDER, P.J.E., SHOGAN, J., and FITZGERALD, J.[*]

DISSENTING MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 25, 2016**

I would conclude that Appellant has proven that he suffered actual prejudice due to trial counsel's failure to object to the trial court's inadequate instruction/colloquy when it impaneled the alternate juror.  Thus, I respectfully dissent.

I begin by stressing that the 'actual prejudice' standard does not require *certainty* that the outcome of the proceeding would have been different; instead, it requires "*a reasonable probability*" of that fact. *Commonwealth v. Spotz*, 84 A.3d 294, 312 (Pa. 2014) ("To demonstrate prejudice, the petitioner must show 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

---

[*] Former Justice specially assigned to the Superior Court.

would have been different.'") (citation omitted; emphasis added). "[A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Id.* (citation omitted).

My confidence in the outcome of Appellant's trial is undermined by the following facts: Prior to the alternate's being placed on the jury, the original jury informed the court that it was deadlocked regarding certain charges. The court recessed for the weekend, which provided ample time for the alternate juror to be exposed to outside influences. When the trial reconvened on Monday, the court decided to empanel the alternate juror, triggering a presumption of prejudice to Appellant. *See Commonwealth v. Saunders*, 686 A.2d 25, 28 (Pa. Super. 1996). The court did not question the alternate juror about any outside influences to which he/she may have been exposed. *Id.* at 29. The court also failed to ask the remaining jurors if they could begin deliberations anew. *Id.* Appellant's counsel did not object to the court's inadequate instruction; thus, the presumption of prejudice suffered by Appellant was not cured. With the alternate juror participating in deliberations, the newly constituted jury reached a verdict of guilty on the very same evidence over which the original jury had been deadlocked. This record makes it impossible for me to have confidence in the validity and fairness of the verdict in this case. Accordingly, I would conclude that Appellant has demonstrated that he suffered actual prejudice due to counsel's conduct.

Additionally, trial counsel's failure to object to the court's insufficient jury charge waived that error for appellate review. Had Appellant been able to assert this claim on direct appeal, he would have had the benefit of the less stringent 'harmless error' standard. In other words, Appellant would only have had to demonstrate that there was a reasonable *possibility* that the trial court's inadequate instruction/colloquy upon impaneling the alternate juror *might have* contributed to his conviction. Based on this record, as discussed *supra*, it is reasonable to conclude that this Court would have held that the trial court's error was not harmless and awarded Appellant a new trial. Accordingly, I would conclude that Appellant has also demonstrated that his trial counsel's conduct "could have reasonably had an adverse effect on the outcome of the [appellate] proceedings." **Spotz**, 84 A.3d at 315 (citation omitted).

For these reasons, I would hold that Appellant has proven that he suffered 'actual prejudice' and demonstrated trial counsel's ineffectiveness. Therefore, I would vacate the PCRA court's order denying his petition and remand for a new trial. Because the Majority reaches the opposite result, I dissent.